Green, J.
delivered the opinion of the court.
This bill is filed by the complainants for their freedom, bequeathed to them by their former owner, Solomon Green, deceased.
The last will and testament of the said Solomon Green, *183 has been regularly proved and recorded, and contains a bequest of freedom to all the slaves of the testator by name.
The executors appointed in the will, renounced the execution thereof, and the defendant, Samuel Green, became administrator, with the will annexed.
The administrator refused to apply to the County Court by petition, to obtain the emancipation of the complainants, and they come into the Court of Chancery fór a decree of emancipation, as the statute directs.
No question is here made as to the right of the complainants to their freedom, except that there are demands against the estate that cannot be satisfied, unless the complainants shall be held to servitude, and sold to satisfy the same.
It appears from the record that the will of Solomon Green was proved in the County Court of Roane county, on the 4th day of January, 1341, by the oaths of three subscribing witnesses thereto. On the 1st day of March, thereafter, several of the children of Solomon Green filed their petition in the County Court, protesting against the probate aforesaid, and asking for an issue of devisavit vel non.
At the October term, 1842, of' the Circuit Court of Roane county, the issue came on to be tried; and the jury found a verdict establishing the said will. On the 3d day of April, 1843, Eleanor Green, the widow of Solomon Green, appeared in the County Court of Roane county, and entered her dissent from the will of her said husband ; and thereupon filed her petition in this cause for her distributive share of her husband’s estate, under the statute.
It is objected, on behalf of the complainants, that the said widow is not entitled to a distributive share of her husband’s estate, because she did not enter her dissent to the will of her husband in six months from the time the same was proved.
*184 For the widow, it is insisted that, as she entered her dissent in six months from the time the will was established by its probate in solemn form, she is entitled to a distributive share of the estate, although more than six months elapsed from the time the will was proved iii the County Court, in common form, before such dissent.
By the act of 1784, ch. 22, sec. 8, it is provided that, if a husband 'shall die, not having made provision lor his widow by his will? satisfactory to her, she “ may signify her dissent thereto before the judges of the superior court, or in the court of the county wherein she resides, in open court, in six months after the probate of said will.” When a widow shall thus signify her dissent to a will, she is entitled to dower of the real estate, and to a distributive share of the personal estate, as though her husband had died intestate.
The privilege of dissent given by this statute, and the rights dependant on such dissent, can - exist only in cases where the dissent shall be signified within the time limited, unless the widow shall have been prevented from entering such dissent by fraud. This limitation is, “within six months after the probate of the will.” The question is, when was the will of Solomon Green proved, within the meaning of this statute? We are constrained to say that the period of the probate of the will, in common form, is the time from which the computation of the six months commences. To hold otherwise, would involve estates in ruinous and endless confusion. A will proved in common form, might be acquiesced in for a number of years, and the estates be distributed according to its provisions — the widow enjoying the provision made for her — a contest might be got up in relation to its validity, and, upon the termination thereof, in favor of the will, the widow, *185 according to the argument, might dissent in six months from that period, and up-turn the whole estate, in order to obtain her dower and distributive share. Such a consequence would be ruinous, and could not have been contemplated by the legislature.
But this argument of inconvenience is unnecessary, because the words of the statute are plain and explicit, and need no interpretation. She must signify her dissent in six months from the probate of the will. It is proven, (when there is no contest,) in common form, by the oaths of the witnesses in the County Court. Of a vast majority of wills, this is the only probate. And if, in the one case, this is the probate referred to, so it is in every case.
We are, therefore, of opinion that his Honor, the Chancellor, erred in decreeing to the widow a distributive share of this estate. Her dissent is inoperative, and cannot interfere with the right of the complainants to their freedom.
We are of opinion that there is no error in the decree in relation to the account of debts due from the estate, either as to the claims that were allowed, or as to those that were rejected. But we think his Honor erred in declaring that the complainants should be sold to pay these debts, in the event there should be a deficiency of property first liable for the payment thereof. The complainants are legatees of their own freedom, and this is a specific legacy. In case there should be a deficiency of assets first liable for the payment of debts, the complainants must contribute, as specific legatees of personal property are bound, in such case, to contribute. And should they fail to raise the money to discharge said debts, they will be placed in the hands of a receiver, and hired out, until the debts shall be paid; at which time, they will be entitled to the enjoyment of their freedom according to *186 the will. The decree will be reversed and modified, as above directed, and the cause will be remanded to the Chancery Court at Kingston to be proceeded in.